PeaksoN, J.
This case turns entirely upon the construction of the marriage contract.
After reciting the contemplated marriage, and that, by the laws of this State, the property of the wife is changed and vests in the husband, the agreement on the part of the intended husband is, “that the right of property belonging to the said Sarah Whitfield shall not be changed or so altered, as to beeome subject to the debts of the said Hurst, or be subject or liable to be sold by the said Hurst, to his own use and benefit, without the consent of the said Sarah. Nevertheless the said Hursfshall have full power and authority to the property of the said Sarah in such manner as shall be most conducive to the said Sarah, and a reasonable portion of the products of the property shall be made use of by the said Hurst for the better support of the said Sarah/'
There is no power conferred on the wife to dispose of the property by will. On the contrary, the sole object is to disable the husband, by providing that the property should not be so altered as to enable him to sell it without her consent, or to subject it to his debts. There is no intimation of a purpose to enable the wife, or to give her a separate estate, or power to dispose of it by will.
*138 The plaintiff, seemingly aware of this infirmity in the instrument, makes an allegation, that it was the intention to confer this power upon the wife, and if the articles do not confer it, it is averred to have been through the ignorance or mistake of the draftsman. There is no proof of this allegation. On the contrary, the proof shows the intention to have been in conformity to the construction, which we have put on the instrument. There is, therefore, no ground upon which to correct it, and it gives Mrs. Hurst no power to dispose of the property by will.
Per Curiam; Bill dismissed with costs.